```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
            COUNSEL/PARTIES OF RECORD

              APR 2 6 2012

        CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

WILLIAM J. WILKINS,  )
                  Plaintiff,  )
                      )
          v.  )
                      )
DOUGLAS COUNTY SHERIFF'S  )
OFFICE, *et al.*  )
                      )
               Defendants.  )
                      )

3:11-cv-00830-HDM-VPC

## REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

April 26, 2012

      This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's civil rights complaint, which he filed on November 17, 2011 (#1-1).[1] On February 14, 2012, the court granted plaintiff's application to proceed *in forma pauperis* and directed plaintiff to pay the initial installment of the filing fee (#3). Plaintiff complied (#6). The court now screens plaintiff's complaint pursuant to 28 U.S.C. § 1915.

## I. HISTORY & PROCEDURAL BACKGROUND

      Plaintiff William J. Wilkins ("plaintiff"), a *pro se* litigant, is currently incarcerated at Northern Nevada Correctional Center ("NNCC"), though the claims giving rise to the instant complaint occurred before he was convicted of a crime and incarcerated at NNCC (#1-1). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983 claiming that defendants acted with deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment during his arrest and pretrial detention at the Douglas County jail. *Id.*

      Plaintiff sues the Douglas County Sheriff's Office in its official capacity, Carson Tahoe Regional Medical Clinic, Carson Tahoe Regional Medical Center, and six "John Doe" defendants

---

[1]      Refers to the court's docket number.

1   in their individual and official capacities for alleged violations of his Eighth Amendment rights

2   during his arrest and pretrial detention. *Id*. Plaintiff seeks compensatory and punitive damages. *Id*.

3        Plaintiff alleges several violations against Doe defendants in count I. Plaintiff states that on

4   November 17, 2009, two officers from the Douglas County Sheriff's Office arrested him at his home

5   (#1-1, p. 6). Plaintiff alleges that before defendants arrested him, he informed them of his torn

6   rotator cuff and physical disability. *Id*. He claims that Doe defendants #1 and #2 violated his Eighth

7   Amendment rights when they refused to use "two pairs [of handcuffs] interlinked" and acted with

8   deliberate indifference when they arrested him. *Id*.

9        Plaintiff alleges that Doe defendant #3, a booking officer at the Douglas County Sheriff's

10   Office, acted with deliberate indifference when he told plaintiff to "stop the drama your [sic] not

11   going anywhere" despite the fact that plaintiff was shaking. *Id*. at 7. Plaintiff claims that Douglas

12   County jail staff told him that he would not receive medical attention until he had been at the jail for

13   three or four days. *Id*.

14        On approximately November 20, 2009, a nurse examined plaintiff and determined that he

15   did not need further attention. *Id*. Plaintiff alleges that two escorting officers, Doe defendants #4

16   and #5 disagreed with the nurse, and transported plaintiff to the Carson Tahoe Regional Medical

17   Center Clinic. *Id*. at 8. At the clinic, a physician examined plaintiff and determined that he was

18   dehydrated and had high blood pressure. *Id*. The physician informed Doe defendants #4 and #5 that

19   plaintiff needed medical attention to prevent a possible stroke. *Id*. Plaintiff alleges that "knowing

20   full well what their orders for treating [him] were, they ignored them with complete deliberate

21   indifference" and refused to give plaintiff his prescribed medication. *Id*.

22        Lastly, plaintiff claims that upon returning to the jail, he was "pulled out of the cell and

23   threatened by John doe 6," that he would be "put into a straight jacket and locked in a mental room."

24   *Id*. Doe defendant #6 is an officer at the Douglas County Sheriff's Office. *Id*.

25        On approximately November 22, 2009, a nurse at the jail examined plaintiff and "confirmed

26   [his] neglected state and confirmed that [his] blood pressure was extremely high." *Id*. at 9. Plaintiff

27   received medication to treat his high blood pressure. *Id*. Plaintiff alleges that the jail gave him the

28   "wrong medication" which caused him to become lightheaded and caused his arm to "tingle." *Id*.

2

1  Plaintiff states that he does not clearly remember what occurred next but that he woke up in the back

2  of an ambulance because he had suffered a stroke. *Id.* Plaintiff returned to the jail after treatment.

3  *Id.*

4        In count II, plaintiff alleges that when Doe defendants #4 and #5 took him to the hospital, the

5  physicians at Carson Tahoe Regional Medical Center did not properly care for his medical condition

6  due to his "inmate status" and sent him back to the Douglas County jail. *Id.* at 11.  Plaintiff further

7  states that he did not receive adequate treatment at the Carson Tahoe Regional Medical Center

8  Clinic. *Id.* at 12.  Plaintiff claims that the physicians and nurses are liable for damages and names

9  Carson Tahoe Regional Medical Center and Carson Tahoe Regional Medical Center Clinic as

10  defendants. *Id.*

11  **II.  DISCUSSION & ANALYSIS**

12  **A.  Discussion**

13       **1.  Screening Standard**

14        Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides

15  that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal

16  (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks

17  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-

18  (iii).  "To sustain an action under Section 1983, a plaintiff must show (1) that the conduct

19  complained of was committed by a person acting under color of state law; and (2) that the conduct

20  deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader,* 879 F.2d 583,

21  587 (9th Cir. 1989), *cert. denied,* 498 U.S. 938 (1990).

22        Dismissal of a complaint for failure to state a claim upon which relief may be granted is

23  provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard

24  under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

25  Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp.*

26  *of America,* 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only

27  if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle

28  him or her to relief. *See Morley v. Walker,* 175 F.3d 756, 759 (9th Cir. 1999).  In making this

1    determination, the court takes as true all allegations of material fact stated in the complaint, and the

2    court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74

3    F.3d 955, 957 (9th Cir. 1996). Allegations in *pro se* complaints are held to less stringent standards

4    than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v.*

5    *Kerner*, 404 U.S. 519, 520-21 (1972) *(per curiam)*; *see also Balistreri v. Pacifica Police Dep't*, 901

6    F.2d 696, 699 (9th Cir. 1990).   While the standard under Rule 12(b)(6) does not require detailed

7    factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic*

8    *Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of

9    action is insufficient. *Id.; see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).

10        Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,

11    because they are no more than mere conclusions, are not entitled to the assumption of truth."

12    *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework

13    of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded

14    factual allegations, a court should assume their veracity and then determine whether they plausibly

15    give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim

16    for relief [is] a context-specific task that requires the reviewing court to draw on its judicial

17    experience and common sense." *Id.*

18    **B.    Analysis**

19        Plaintiff alleges violations of his Eighth Amendment rights (#1-1). Specifically, plaintiff

20    believes that Doe defendants #1 - #6 acted with deliberate indifference to his serious medical needs

21    during his arrest and pretrial detention at the Douglas County Sheriff's Office and jail. *Id.*

22        **1.    Count I Defendants**

23            **a.    Official Capacity Suits**

24        Plaintiff brings suit against Doe defendants #1, #2, #3, #4, #5, and #6, officers at the Douglas

25    County Sheriff's Office, in their official and individual capacities.   The claims against these

26    defendants in their official capacities are actually suits against the entity of which the named

27    defendants are agents. *See Kentucky v. Graham*, 473 U.S. 159 (1985). "As long as the government

28    entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other

4

1    than name, to be treated as a suit against the entity." *Id.* at 166. The real party in interest in such

2    suits is the entity itself, and the entity, not the named defendant, will be liable for any damages. *Id.*

3    Thus, the official capacity claims against defendants are properly considered claims against the entity

4    they serve – Douglas County.

5        *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), held that municipalities, such as

6    Douglas County, are "persons" subject to damages liability under Section 1983 where "action

7    pursuant to official municipal policy of some nature cause[s] a constitutional tort." *Id.* at 691. The

8    Court emphasized that the municipality itself must cause the constitutional deprivation, and that a

9    city or county may not be held vicariously liable for the unconstitutional acts of its employees under

10   the theory of respondeat superior. *Id.*

11       Here, plaintiff does not allege that any of the defendants' actions conformed to an official

12   policy, custom, or practice of Douglas County. Rather, plaintiff alleges that defendants, acting under

13   color of state law, violated his constitutional rights – acts for which Douglas County may not be held

14   vicariously liable. Therefore, all official capacity suits against defendants are dismissed with

15   prejudice.[2]

16       **b.    Claim - Deliberate Indifference to a Serious Medical Need**

17       Plaintiff asserts claims for deliberate indifference under the Eighth Amendment against six

18   Doe defendants. However, "Eighth Amendment scrutiny is appropriate only after the State has

19   complied with the constitutional guarantees traditionally associated with criminal prosecutions

20   ... [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned

21   until after it has secured a formal adjudication of guilt in accordance with due process of law." *City*

22   *of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (quoting *Ingraham v. Wright*, 430 U.S.

23   651, 671-72 n.40 (1997)). In the instant case, the Eighth Amendment is inapplicable because

24   plaintiff was not a prison inmate under a judgment of conviction at the time of the alleged events.

25       Nevertheless, courts have a duty to construe *pro se* pleadings liberally, including *pro se*

26   _____

27       [2]      The court notes that plaintiff's official capacity claims for monetary damages must also be
     dismissed because these claims are barred by state sovereign immunity recognized by the Eleventh
28   Amendment. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

1   motions as well as complaints. *Bernhardt v. Los Angeles County*, 339 F.3d 920 (9th Cir. 2003).

2   Thus, when a plaintiff proceeds *pro se*, the district court is required to afford him the benefit of the

3   doubt in ascertaining what claims he raised in his complaint and argued to the district court.

4   *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001) (internal quotations marks omitted).   The

5   Due Process Clause of the Fourteenth Amendment guarantees a pretrial detainee the right to receive

6   adequate medical care and attention, and that right is violated if officials are deliberately indifferent

7   to the detainee's serious medical needs. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242-

8   43 (9th Cir. 2010).   Deliberate indifference exists when an official knows of and disregards a serious

9   medical condition, *i.e.*, when an official is "aware of facts from which the inference could be drawn

10   that a substantial risk of serious harm exists" and actually draws that inference. *Farmer v. Brennan*,

11   511 U.S. 825, 837 (1994).   The same standard applies to a pretrial detainee's claim of deliberate

12   indifference under the Fourteenth Amendment as to a prisoner's claim under the Eighth Amendment.

13   *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

14   Plaintiff was a pretrial detainee at the time of the alleged violations.   Accordingly, the court

15   construes plaintiff's claims against each Doe defendant as arising under the Fourteenth Amendment

16   Due Process Clause.

17   John Does #1 and #2

18   Plaintiff alleges that Doe defendants #1 and #2 acted with deliberate indifference in the

19   course of arresting plaintiff (#1-1, p. 6).   Plaintiff states that he informed the officers that he was a

20   disabled veteran and that they needed to be careful in the "process of arrest because [his] left rotator

21   [cuff] was ripped." *Id.*   Plaintiff recommended that the officers "use two pairs [of handcuffs]

22   interlinked so as not to cause undue damage" during arrest. *Id.*   Plaintiff states that the officers

23   refused to do so and thereby caused him extreme and wanton pain. *Id.* at 7.

24   Plaintiff sufficiently alleges that Doe defendants #1 and #2 knew of his "serious injury"

25   because he informed them about it.   Further, plaintiff states that defendants "ignored his complaints

26   of serious wanton infliction of pain to the point of mistreatment." *Id.* at 6.   Plaintiff claims that after

27   the arrest, he "had to lay down in the seat of the squad car to try to prevent any further ripping

28   damage." *Id.* at 7.   Accordingly, plaintiff has stated a Fourteenth Amendment due process claim

6

1   against Doe defendants #1 and #2, and this claim should advance.

2       John Doe #3

3       Plaintiff alleges that after Doe defendants #1 and #2 took him to the Douglas County

4   Sheriff's Office, Doe defendant #3, an intake officer, "failed to do anything to stop the deliberate

5   indifference to plaintiff's medical needs" (#1-1, p. 2). Such a conclusory allegation that defendant

6   was deliberately indifferent to plaintiff's medical needs because he "failed to do anything" will not

7   suffice. *Id.* Plaintiff states that jail staff noticed that plaintiff was shaking and refused to give him

8   his medication. *Id.* at 7. Plaintiff alleges that Doe defendant #3 told plaintiff to "stop the drama your

9   [sic] not going anywhere." *Id.*

10      The facts alleged do not show that the defendant knew of a risk to plaintiff's safety and

11  intentionally disregarded that risk. Plaintiff alleges that "jail staff" noticed that he was shaking but

12  fails to allege this particular defendant actually knew of a serious medical need and disregarded that

13  need. Moreover, defendant's statement alone is not evidence of deliberate indifference because

14  plaintiff does not allege that defendant denied plaintiff's request for medical care, but only that

15  defendant told plaintiff that he was "not going anywhere." Plaintiff fails to state a claim against Doe

16  defendant #3 and this claim should be dismissed with prejudice.

17      John Does #4 and #5

18      Plaintiff alleges that on approximately his third day at the Douglas County jail, two escorting

19  officers, Doe defendants #4 and #5, took him to the Carson Tahoe Regional Medical Center Clinic.

20  *Id.* at 8. Plaintiff claims that the treating physician informed defendants that plaintiff was dehydrated

21  and had high blood pressure. *Id.* The physician warned defendants that if plaintiff did not receive

22  treatment, he could suffer a stroke. *Id.* Plaintiff states that "with complete deliberate indifference"

23  defendants took him back to the jail and refused to give him medication and did not treat his

24  dehydration. *Id.* A nurse examined plaintiff twenty-four hours later; however, plaintiff alleges that

25  the delay in treatment led to further injury. *Id.* at 5.

26      Deliberate indifference can be manifested by prison officials intentionally denying or

27  delaying access to medical care or interfering with the treatment once prescribed. *Estelle v. Gamble*,

28

1   429 U.S. 797, 104-05 (1976).[3]  Plaintiff states a Fourteenth Amendment due process claim against

2   Doe defendants #4 and #5 because he alleges a serious medical need – dehydration and high blood

3   pressure, and alleges that defendants delayed plaintiff's treatment and caused him further harm. This

4   claim should advance.

5          Plaintiff also attempts to sue defendants for negligence; however, simply stating that

6   defendants were negligent is insufficient to state a negligence claim.  *Id*.  Plaintiff's state law

7   negligence claim against defendants #4 and #5 should be dismissed with leave to amend.

8          John Doe #6

9          Plaintiff alleges that on the fourth day of his detention, he "was pulled out of the cell and

10  threatened by John Doe 6" that he "would be put into a straight jacket and locked in a mental room."

11  *Id*. at 8-9.  Plaintiff does not state a claim for a violation of his constitutional rights.  In the caption

12  of his complaint, plaintiff states that Doe defendant #6 "made retaliatory threats to plaintiff." *Id*. at

13  4.  However, plaintiff fails to allege sufficient facts to state a claim for a violation of his

14  constitutional rights under the First or Fourteenth Amendment because defendant did not actually

15  retaliate or act in deliberate indifference to plaintiff's safety.  Doe defendant #6 should be dismissed

16  with prejudice.

17         Plaintiff's allegations implicate his Fourteenth Amendment rights against unidentified Doe

18  defendants #1, #2, #4, and #5.  The use of Doe defendants is not favored in the Ninth Circuit. *See*

19  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980).  However, where the identity of alleged

20  defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an

21  opportunity through discovery to identify them.  *Id*.  Failure to afford the plaintiff such an

22  opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.1999).  Accordingly,

23  plaintiff shall be allowed to conduct limited pre-service discovery in an effort to ascertain the true

24  identity of Doe defendants #1, #2, #4, and #5.  Plaintiff will be permitted to serve five interrogatories

25

26         [3]       Courts of other federal Circuits have also found deliberate indifference where prison officials
    ignored a previous physician's treatment plan. *White v. Napoleon*, 897 F.2d 103 (3rd Cir. 1990) (finding
27  cognizable claim where prison officials ignored private hospital's treatment orders and refused inmate's
    access to prescribed medication); *Gill v. Mooney*, 824 F.2d 192 (2nd Cir. 1987) (finding cognizable claim
28  where prison officials refused to follow a physician's recommendations).

1    on the Douglas County Sheriff, at the Douglas County Sheriff's Office Administration to discover

2    the identities of these defendants. If plaintiff learns the identities of the officers who allegedly

3    violated his rights, he shall file an amended complaint to add them as named defendants. If plaintiff

4    is unable to learn the identity of at least one Doe defendant, this action will be dismissed without

5    prejudice.

6           2.      **Count II Defendants**

7           Plaintiff sues the Carson Tahoe Regional Medical Center and the Carson Tahoe Regional

8    Medical Center Clinic. However, buildings are not "persons" under section 1983 and cannot be

9    sued. Moreover, plaintiff attempts to sue the entities for deliberate indifference to his medical needs

10   under 42 U.S.C. § 1983. However, to state a claim under section 1983, a plaintiff must allege two

11   essential elements: (1) that a right secured by the Constitution or laws of the United States was

12   violated; and (2) that the alleged violation was committed by a person acting under color of state law.

13   *See West v. Atkins*, 487 U.S. 42, 48 (1988). These entities are not state actors and plaintiff does not

14   allege any state action. The Carson Tahoe Regional Medical Center and Carson Tahoe Regional

15   Medical Center Clinic should be dismissed with prejudice.

16          Plaintiff also attempts to sue the Douglas County Sheriff's Office. Plaintiff cannot sue the

17   Douglas County Sheriff's Office because a jail building is not a "person" under section 1983 and

18   cannot be sued. Claims against the Douglas County Sheriff's Office should be dismissed with

19   prejudice.[4]

20          To the extent plaintiff attempts to bring state law claims against the Douglas County Sheriff's

21   Office, plaintiff's state law claims should also be dismissed with prejudice pursuant to Nevada law.

22   Under Nevada law, "in the absence of statutory authorization, a department of the municipal

23   government may not, in the department name, sue or be sued." *Wayment v. Holmes*, 112 Nev. 232,

24   912 P.2d 816, 819 (Nev. 1996); *Schneider v. Elko County Sheriff's Dep't*, 17 F.Supp.2d 1162, 1165

25   (D.Nev. 1998) (finding that an action against Elko County Sheriff's Department was frivolous for

26

27          [4]      Even if the court were to construe this as a claim against Douglas County, plaintiff fails to
     allege that a custom or policy caused the alleged constitutional violations which is required for section 1983
28   claims against a municipality. *See Monell*, 436 U.S. at 694.

1  lack of capacity to be sued). .

2  **C.      Motion for Appointment of Counsel**

3        Plaintiff has filed a motion seeking the appointment of counsel in this case (#1-3). A litigant

4  in a civil right action does not have a Sixth Amendment right to appointed counsel. *Storseth v.*

5  *Spellman,* 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are

6  empowered to request an attorney to represent an indigent civil litigant. The instances in which a

7  court will make such a request, however, are exceedingly rare, and the court will make the request

8  under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-

9  800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

10        A finding of such exceptional circumstances requires that the court evaluate both the

11  likelihood of success on the merits and the plaintiff's ability to articulate his claims in *pro se* in light

12  of the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed

13  together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(*citing Wilborn,*

14  *supra*, 789 F.2d at 1331). The court has considerable discretion in making these findings. The court

15  will not enter an order directing the appointment of counsel, as plaintiff has demonstrated his ability

16  to articulate his claims in *pro se.* Therefore, this court recommends that plaintiff's motion for the

17  appointment be denied.

18  

**III. ·CONCLUSION**

19        Based on the foregoing and for good cause appearing, the court recommends that plaintiff's

20  Fourteenth Amendment due process claims against Doe defendants #1, #2, #4, and #5 **ADVANCE.**

21  The court also recommends that plaintiff file an amended complaint to add Doe defendants #1, #2,

22  #4, and #5 as named defendants. The court recommends that plaintiff's claims against Doe

23  defendants #3 and #6, and claims against Carson Tahoe Regional Medical Center, Carson Tahoe

24  Regional Medical Center Clinic, and the Douglas County Sheriff's Office be **DISMISSED WITH**

25  **PREJUDICE.** The court recommends that plaintiff's remaining claims be **DISMISSED** in

26  accordance with the guidance provided in this Report and Recommendation. Finally, the court

27  recommends that plaintiff's motion for the appointment of counsel be **DENIED.** The parties are

28  advised:

10

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Clerk shall file the complaint (#1-1).

**IT IS FURTHER RECOMMENDED** that plaintiff's Fourteenth Amendment due process claims for deliberate indifference **ADVANCE** as to Doe defendants #1, #2, #4, and #5. If plaintiff finds the identity of these defendants, he shall file an amended complaint to add them as named defendants.

**IT IS FURTHER RECOMMENDED** that the following claims in plaintiff's complaint (#1-1) be **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** according to the guidance provided in this Report and Recommendation:

1) Negligence Claim against Doe defendants #4 and #5.

**IT IS FURTHER RECOMMENDED** that the following claims in plaintiff's (#1-1) complaint be **DISMISSED WITH PREJUDICE** for the reasoning articulated in this Report and Recommendation:

1) Official capacity suits against defendants Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, and Doe #6;

2) Deliberate Indifference claim against Doe defendant #3;

3) Deliberate Indifference claim against Doe defendant #6;

4) Claims against Carson Tahoe Regional Medical Center;

5) Claims against Carson Tahoe Regional Medical Center Clinic;

6) Claims against Douglas County Sheriff's Office.

1    **IT IS FURTHER RECOMMENDED** that plaintiff's motion for the appointment of counsel

2  (#1-3) be **DENIED**.

3    **IT IS FURTHER RECOMMENDED** that the Clerk shall send to plaintiff a blank form for

4  filing a civil rights complaint pursuant to 42 U.S.C. § 1983 with instructions and a copy of the

5  original complaint.  Plaintiff is advised that pursuant to Local Rule 15-1, the amended complaint

6  shall be complete in itself without reference to the previous complaint.  Plaintiff should be given

7  sixty (60) days from the date of the order adopting the Report and Recommendation within which

8  to file an amended complaint remedying, if possible, the defects in the complaint explained above.

9  Plaintiff's failure to do so may result in the immediate dismissal of the entire action.  Plaintiff shall

10  write the words "first amended" above the title "Civil Rights Complaint" on the form and plaintiff

11  shall place the case number, 3:11-cv-00830-HDM-VPC, above the words "first amended" in the

12  space for "Case No."

13    **DATED:** April 26, 2012.

14

15

16  UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28