UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM J. WILKINS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DOUGLAS COUNTYSHERIFF'S OFFICE, et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:11-cv-00830-MMD-(VPC)<br><br>ORDER<br><br>(Magistrate's Report and Recommendation–Dkt. no. 8) |

**I.  SUMMARY**

Before this Court is the Report and Recommendation of the United States Magistrate Judge (dkt. no. 8), entered by the Honorable Judge Cooke regarding Plaintiff's Complaint (dkt. no. 1-1). No objection was filed to Magistrate Judge Cooke's Report and Recommendation. This matter was referred to the undersigned for consideration.

The Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. §636(b)(1)(B)–(C) and Local Rule IB 3-2 and determines that the Report and Recommendation of the Magistrate Judge should be accepted and adopted in part. The Court accepts and adopts the Report and Recommendation regarding Plaintiff's Count I claims.  For reasons stated below, the Court modifies the recommendations regarding Plaintiff's Count II claims.

II. **MODIFICATIONS TO THE REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S COUNT II CLAIMS**

In Count II, Plaintiff alleges a violation of the Eighth Amendment on the part of Douglas County Sheriff's Office, Carson Tahoe Regional Medical Center, and Carson Tahoe Regional Medical Center Clinic (collectively, the "medical centers"), for failure to treat his medical condition. As with Plaintiff's Count I claims, the Eighth Amendment is inapplicable to Plaintiff's Count II claims because he was not a prison inmate under a judgment of conviction at the time of the alleged events. As with those claims, and for the same reasons (*see* dkt. no. 8 at 5-6), the Court construes Plaintiff's Count II deliberate indifference claims as arising under the Fourteenth Amendment of the Due Process Clause.

### A.   Claims Against the Douglas County Sheriff's Office

Plaintiff may assert a claim against the Sheriff's Office because it is a county department. "[M]unicipal corporations and similar governmental entities" are juridical persons who may be sued pursuant to § 1983. *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 376 (1990) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 663 (1978)). As noted at footnote 4 in the Report and Recommendation, Plaintiff has not "alleged that a custom or policy caused the alleged constitutional violations which is required for section 1983 claims against a municipality." (Dkt. no. 8 at 9, fn. 4) (citing *Monell*, 436 U.S. at 694.) He must do so in order to assert a claim against a county agency. *See Monell*, 436 U.S. at 694. Although the complaint fails to allege that a custom or policy caused the constitutional violation, it is not obvious from the pleadings that Plaintiff cannot assert such a claim. Therefore, Plaintiff may amend his complaint accordingly.[1]

---

[1] Relatedly, as the Report and Recommendation states, Plaintiff's Count I claims against Doe Defendants #1-6 in their official capacity are treated as a suit against the entity. Those claims are therefore equivalent to the Count II claim against the Sheriff's Office for the purposes of this Order. Should Plaintiff amend his complaint, he need not *(fn. cont…)*

2

1 To the extent that Plaintiff attempts to bring state law claims against the Douglas County Sheriff's Office, the claims are dismissed with prejudice for reasons stated in the Report and Recommendation. (Dkt. no. 8 at 9.)

### B. Claims Against Carson Tahoe Regional Medical Center and Carson Tahoe Regional Medical Center Clinic

Similarly, Plaintiff may amend his complaint against the medical centers. Although Plaintiff's complaint contains several deficiencies regarding these claims, because the deficiencies may be remedied, Plaintiff's complaint against the medical centers is dismissed with leave to amend.

To state a viable § 1983 claim against the medical centers, Plaintiff must allege that certain employees at the centers were acting under color of state law when the staff denied him treatment. Notably, private hospitals and their staff may constitute state actors under § 1983 in certain circumstances.[2] Part of establishing a cognizable claim to that effect is demonstrating that the private hospital or medical staff-person contracted with the jail facility to provide medical services to inmates. *See West v. Atkins*, 487 U.S. 42, 53-54 (1988); *Lopez v. Dep't of Health Servs.*, 939 F.3d 881, 883 (9th Cir. 1991) (per curiam)). If Plaintiff chooses to file an amended complaint, he should amend his pleading to include such an allegation. Further, he must name the particular individual defendants at the medical centers whom he alleges violated his constitutional rights.

---

*(…fn. cont.)* allege a violation of a policy, custom, or practice on the part of Doe Defendants #1-6 in their official capacity; the Sheriff's Office is the proper entity to name.

[2] Courts may hold that private entities or persons working for private entities are acting under the color of state law under two theories. "Under the joint action test, a private party acts under color of state law if he is a willful participant in joint action with the State or its agents." *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (citations and quotation marks omitted). "Under the governmental nexus test, a private party acts under color of state law if there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Id.*

**III.     CONCLUSION**

Accordingly, it is ORDERED that:The Clerk shall file the complaint (dkt. no. 1-1);

IT IS FURTHER ORDERED that Plaintiff's Fourteenth Amendment due process claims for deliberate indifference ADVANCE as to Doe Defendants #1, #2, #3, and #5. If Plaintiff finds the identity of these Defendants, he shall file an amended complaint to add them as named defendants;

IT IS FURTHER ORDERED that the following of Plaintiff's Count I claims are DISMISSED WITH PREJUDICE for the reasoning articulated in the Report and Recommendation: (1) Official capacity suits against Defendants Does #1-6; (2) Deliberate indifference claims against Doe Defendants #3 and #6;

IT IS FURTHER ORDERED that Plaintiff's deliberate indifference Count II claims are DISMISSED WITH LEAVE TO AMEND;

IT IS FURTHER ORDERED that Plaintiff's Count II Nevada state law claims are DISMISSED WITH PREJUDICE;

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (dkt. no. 1-3) is DENIED;

IT IS FURTHER ORDERED that the Clerk shall send to Plaintiff a blank form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983 with instructions and a copy of the original complaint.  Plaintiff is advised that should he choose to file an amended complaint, it shall be complete in itself without reference to any previous complaint. Plaintiff is given sixty (60) days from the date of this order within which to file an amended complaint remedying, if possible, the defects in the complaint explained in this Order and in the Report and Recommendation.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the Court. Plaintiff is cautioned that if he fails to file an amended complaint within the time period specified above, the action will proceed on the Complaint, and only with respect to those claims which the court has allowed to proceed. Plaintiff shall clearly title the amended complaint as such by placing the words " FIRST

AMENDED COMPLAINT" above the title "Civil Rights Complaint" on the form, and Plaintiff shall place the case number, 3:11-cv-00830-MMD-VPC, above the words "FIRST AMENDED COMPLAINT" in the space for "Case No."

Finally, the Court notes that on May 24, 2012, Plaintiff improperly filed a first amended complaint without leave from the Court. The Court will not consider this filing. Should Plaintiff wish to file an amended complaint, he must do so as described in this Order.

IT IS SO ORDERED.

ENTERED THIS 12th day of June 2012.

_____
UNITED STATES DISTRICT JUDGE